(Reap. Dec. 10438)

UNITED CHINA & GLASS CO. *v.* UNITED STATES

Entry No. 2450, etc.

(Decided February 5, 1963)

*Stein & Shostak* for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise marked "V" and initialed RA by Robert Abramson on the invoices accompanying the entries covered by the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein, that, on the dates of exportation thereof to the United States, the market values or the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the ex factory invoiced unit values, net packed.

That all of the merchandise covered by all of the appeals for reappraisement the subject of this stipulation was entered subsequent to February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that as to any of the merchandise on the invoices covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, 93 Cust. Ct. [sio] 14, issued January 20, 1958, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is statutory export value and that such value therefor is the ex-factory invoice unit values, net, packed.

Judgment will be rendered accordingly.