(Reap. Dec. 10661)

UNITED CHINA & GLASS CO. v. UNITED STATES

Entry No. 4639, etc.

(Decided January 16, 1964)

*Stein & Shostak* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That as to the merchandise marked "V" and initialed AGF by Examiner A. G. Ford on the invoices accompanying the entries covered by the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein, the merchandise and the issues involved are similar in all material respects to those in *United China & Glass Co.* v. *United States*, 50 Cust. Ct. 378, Reap. Dec. 10438, Treasury Decisions Advance Sheets, Vol. 98, No. 7, page 39 and *United China & Glass Co.* v. *United States*, 50 Cust. Ct. 474, Reap. Dec. 10515, Treasury Decisions Advance Sheets, Vol. 98, No. 21, page 40, and that the record in said cases may be incorporated with the record herein.

2. That as to the merchandise marked "W" and initialed SWF by Examiner S. W. Farb on the invoices accompanying the entries covered by the appeals for reappraisement enumerated in the attached Schedule of Cases, which are incorporated herein, the merchandise and the issues involved are similar in all material respects to those in *United China & Glass Co.* v. *United States*, 50 Cust. Ct. 456, Reap. Dec. 10498, Treasury Decisions Advance Sheets, Vol. 98, No. 18, page 31, and the record in said case may be incorporated with the record herein.

3. That as so limited, the market values or the prices at which such or similar merchandise was freely sold or offered for sale for exportation to the United States, on the dates of exportation thereof to the United States, to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade, such prices including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the ex factory invoiced unit values, net packed.

4. That all of the merchandise the subject of this stipulation was entered or withdrawn from warehouse for consumption subsequent to February 27, 1958.

5. That as to any of the merchandise covered by this stipulation which is included in the Final List of articles designated by the Secretary of the Treasury in T.D. 54521, 93 Treas. Dec. 14, issued January 20, 1958, pursuant to Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

6. That the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation, which is limited to the merchandise and the issues described hereinabove, and abandoned in all other respects.

On the agreed facts and following the cited decisions on the law, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is statutory export value and hold that such value therefor is the invoiced unit values, net, packed.

As to all other merchandise, not heretofore identified and included on the invoices covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.